## JAMES SEALS v. STATE.

No. A-8439.  Dec. 9, 1932.
(16 Pac. [2d] 885.)

I. M. Bond, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, P. J. The plaintiff in error, hereinafter referred to as the defendant, was by information charged with murder, was tried and convicted of manslaughter in the first degree, and sentenced to imprisonment in the state penitentiary for eight years, and appeals.

The offense is alleged to have taken place in the town of Lindsay, November 11, 1931. Defendant is charged with killing H. F. Garten. The defendant and deceased had been friends for many years; defendant frequently visited the home of the deceased. The only direct testimony regarding the trouble is the testimony of the defendant, who in substance stated he went to the home of the deceased, late in the afternoon of November 11th, and found the deceased in the yard; he assisted him to the house, and he and the deceased drank some whisky; deceased inquired of the defendant if he had a gun, and the defendant replied he had a Winchester rifle; the deceased then gave the defendant $2 to get some whisky and asked him to bring the whisky to him and the rifle. Later in the evening the defendant returned to the home of deceased and delivered to him two pints of whisky, and had the rifle in his hand.

The defendant further stated that after he returned to the home of deceased and set the whisky down near the bed of deceased, the deceased accused him of taking his pocketbook; defendant denied he had anything to do with the pocketbook, and deceased raised up on his bed with a pistol in his hand and indicated he was going to shoot the defendant, and also grabbed the rifle of the defendant with his right hand; the defendant says in the scuffle the Winchester was discharged and struck the deceased, killing him. Defendant did not advise any one of the trouble,

and denied to everybody but his wife that he knew anything about the killing. Defendant insists he had to do what he did in order to keep the deceased from shooting him, and that he believed the deceased was going to kill him at the time the gun was fired. All the facts and circumstances indicate that the trouble was an outgrowth of bad whisky.

The errors assigned by the defendant relate to the insufficiency of the evidence to sustain the judgment. The court correctly declared the law as applicable to the facts in the case, instructing the jury on murder, manslaughter in the first degree, manslaughter in the second degree, accidental homicide, and justifiable homicide. No objections are urged to the court's instructions. The jury are the exclusive judges of the weight of the evidence and the credibility of the witnesses. The jury heard the evidence of the defendant, and by its verdict found there was sufficient testimony to sustain a conviction. There is no testimony in the record showing a premeditated design to do the deceased an injury.

In view of the facts disclosed by the record, we think the punishment imposed excessive, and that substantial justice requires a modification.

The judgment of the trial court is modified to five years, and as modified the judgment is affirmed.

EDWARDS and CHAPPELL, JJ., concur.